# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| v. | ) | Criminal No. 10-125 |
| LIN RASHIED JONES, | ) | |

## OPINION AND ORDER

### SYNOPSIS

In this action, on July 20, 2011, a jury convicted Defendant of violating 18 U.S.C. 922(g); his conviction was affirmed on December 4, 2012. He then filed a Motion pursuant to 28 U.S.C. § 2255, raising ineffective assistance of counsel. By Order dated July 10, 2014, that Motion was denied. Also on July 10, 2014, Defendant sought leave to amend his Section 2255 Motion, in order to raise an argument based on Descamps v. United States, 133 S. Ct. 2276, __ U.S. __, 186 L. Ed. 2d 438 (2013). He also sought a stay of the Section 2255 proceeding until our Court of Appeals resolved issues pertinent to that argument. This Court granted Defendant's request to amend his Motion solely to the extent that he raised a Descamps argument, and to stay the proceeding. The July 10, 2014 Order remained standing in all other respects. Counsel was appointed shortly thereafter, and the stay was then lifted at Defendant's counseled request. For the following reasons, Defendant's Motion must be denied.

**OPINION**

## I. APPLICABLE STANDARDS

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Moreover, I note that it is axiomatic that pro se pleadings are to be construed liberally, and I have so construed Defendant's submissions, as counsel did not supplement the initial pro se filing. In this case, a hearing is unnecessary, and the amended Motion will be disposed of on the record.

## II. DEFENDANT'S MOTION

In his amended Motion, Defendant argues that after Descamps, prior convictions for aggravated assault and possession with intent to deliver are improper bases for sentencing pursuant to the Armed Career Criminal Act, 18 U.S.C. §924(e). He further observes that the Court of Appeals rejected that contention in Abbott, but that a petition for rehearing was extant at the time of his amended Motion.[1] Defendant focuses on his prior conviction under state statute for possession with intent to deliver a controlled substance, 35 P.S. §780-113(a)(30). He argues that this is not a "divisible statute," and thus, under Descamps, the modified categorical approach to determining its effect on subsequent sentencing was inapplicable.

---

[1] Defendant's Motion for Leave to Amend was filed on July 10, 2014. In Abbott, Court of Appeals docket 13-2216, the defendant sought and received an extension of time until July 21, 2014 to file for rehearing, but no such petition appears on the docket.

When a Defendant is convicted under Section 922(g), the possibility of sentencing under Section 924(e) requires the court to determine whether a previous conviction is to be considered a "violent felony or serious drug offense." United States v. Abbott, 748 F.3d 154, 157 (3d Cir. 2014). When so determining, under a so-called "categorical approach," a court may look only to the elements of a prior conviction, and not to the facts underlying those convictions. Id. at 157 (citing Descamps, 133 S. Ct. at 2281). Under a "modified categorical" approach, however, a court may look beyond the elements of the prior conviction in rendering its determination. Id. at 157-58; Johnson v. AG of the United States, 604 Fed. Appx. 216 (3d Cir. 2015). The modified approach is appropriate when a defendant's prior conviction rests on a statute listing multiple, alternative elements – i.e., a "divisible" statute. Abbott, 748 F. 3d at 157-58.

Our Court of Appeals has determined that 35 P.S. §780-113(a)(30) is a divisible statute, subject to a modified categorical approach. Id. at 159. It has also determined that violations of that statute, for possession with intent to distribute cocaine, is a "serious drug offense" and properly serves as a predicate offense under Section 924(e).[2] Id. at 159-60. Abbott remains binding precedent. United States v. Somerville, 2015 U.S. App. LEXIS 9894, at *5 (3d Cir. June 12, 2015); United States v. Edmonds, 2015 U.S. App. LEXIS 6378, at *9 (3d Cir. Apr. 15, 2015). Regarding aggravated assault, Defendant cites to 18 Pa.C.S.A. § 2702(a)(1), and relies on the certiorari petition filed in United States v. Marrero, 743 F. 3d 389 (3d Cir. 2014). That petition, however, was denied. Marrero v. United States, 135 S. Ct. 950, 190 L. Ed. 2d 843, __ L.Ed. ___ (2015). Further, as discussed during the sentencing hearing on January 17, 2012, Defendant had multiple qualifying prior offenses other than aggravated assault. Finally, for all

---

[2] In addition, Defendant's prior convictions for possession with intent to deliver involved controlled substances enumerated in 35 P.S. § 780-113(f)(1.1). See United States v. Somerville, 2015 U.S. App. LEXIS 9894 (3d Cir. Pa. June 12, 2015). I note, too, that Descamps has not been held to apply retroactively on collateral review within this Circuit. United States v. Terry, 2015 U.S. Dist. LEXIS 91470, *36 n. 32 (W.D. Pa. July 14, 2015).

of these reasons, and because counsel at sentencing ably mounted several arguments against enhancements based on Defendant's prior convictions, counsel was not ineffective under Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, in this regard. In sum, Defendant's amended Motion must be denied.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

### CONCLUSION

In conclusion, Defendant's amended Motion will be denied. No certificate of appealability shall issue. An appropriate Order follows.

### ORDER

AND NOW, this 23rd day of July, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's amended Motion to Vacate is DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court